PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. WESLEY W. PAPPAS                Docket Number: 13-cr-00148-RBJ-01

**Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release**

COMES NOW, Marcee Fox, probation officer of the court, presenting an official report upon the conduct and attitude of Wesley W. Pappas, who was placed on supervision by the Honorable Joseph F. Bataillon sitting in the court at Omaha, Nebraska, on the 30th day of November, 2005, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.  The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2.  The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the probation officer. This condition may be invoked with or without the cooperation of law enforcement offices.

3.  The defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g. AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

4.  The defendant shall attend, successfully complete, and pay for any anger management treatment or counseling programs, as directed by the probation officer.

5.  The defendant shall participate in a victim awareness program as directed by the probation officer. Based on the defendant's ability to pay, the defendant shall pay for the cost of the program in an amount determined by the probation officer.

6.  The defendant shall provide the probation officer with access to any requested financial information.

7.  Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluid and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, the defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances in an amount to be determined by the probation officer.

8. The defendant shall report to the Supervision Unit of the U.S. Probation Officer for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement, and, thereafter, as directed by the probation officer.

**On April 17, 2013, jurisdiction of this case was transferred from the District of Nebraska to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant. It is requested that subsequent to the arrest of the defendant, the court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this ___9___ day of October, 2013, and ordered filed under seal and made a part of the record in the above case.

_____
R. Brooke Jackson

District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Marcee Fox*
Marcee Fox
Senior U.S. Probation Officer

Place  Denver, Colorado
:
Date:  October 8, 2013

## ATTACHMENT

On December 20, 2010, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The defendant's term of supervised release commenced on April 1, 2011.

The defendant has committed the following violations of supervised release:

1.   **VIOLATION OF THE LAW**:

On or about September 20, 2013, the defendant committed two counts of Retaliation Against a Witness/Victim (Class Three Felonies), in violation of C.R.S 18-8-706. This is charged under Jefferson County Court Case Number 13CR2686. This constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

In November 2012, Larry Gomez, a known GKI (Gallant Knights Insane) gang member, fired a gun at police officers and was charged with Attempted First Degree Murder, First Degree Assault-Threaten a Peace Officer with a Weapon, Possession of a Weapon by a Previous Offender, two counts of Violent Crime, and five counts of Habitual Criminal, Jefferson County Court Case Number 12CR3013 (Mr. Gomez is also charged in Denver District Court with Attempted First Degree Murder, First Degree Assault-Threaten Peace Officer with Weapon, and a second case consisting of Aggravated Motor Vehicle Theft).
The defendant, who is a known GKI associate, with the moniker "Gauge," was present during Mr. Gomez' trial in Jefferson County Court the week of September 16, 2013. The defendant was observed wearing Colorado Rockies baseball attire, which is often worn by GKI gang members. Denver police officers Ernest Sandoval and Steve Castro testified that Larry Gomez had fired shots at them. On September 20, 2013, Mr. Gomez was found guilty of Attempted First Degree Murder and First Degree Assault. After the jury read their verdict, Officer Castro got up to leave the courtroom and walked past the defendant. The defendant looked at Officer Castro and utilized his right hand to simulate a gun. The defendant pointed his middle and index finger as if it were the barrel of a gun and dropped his thumb down as if he had fired the gun. The defendant further continued to stare at Officers Castro and Sandoval, and the other officers they were with, as they exited the Jefferson County Courthouse.

On October 4, 2013, the defendant was charged with two counts of Retaliation Against a Witness/Victim (Class Three Felony), Jefferson County Court Case Number 13CR2686. A warrant was issued, and the defendant was arrested on October 5, 2013. Bond has been set at $100,000 cash. The defendant is next scheduled to appear on October 10, 2013, for arraignment.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about March 21, 2013, the defendant used methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 21, 2013, I obtained a random unobserved urine specimen from the defendant at his residence during a home contact. The results of this urine specimen returned positive for amphetamine/methamphetamine. On March 28, 2013, the defendant reported to the probation office, as instructed, and admitted that he had been using methamphetamine for two months. He said he had been hanging out with the wrong people, however he denied hanging out with gang members. The defendant's urine testing was increased, and since that date, he has been required to report to the probation office every two weeks to submit urine specimens.

3. **FAILURE TO REPORT FOR URINE TESTING AS DIRECTED BY THE PROBATION OFFICER:**

On July 9 and November 4, 2012, and January 24, February 2, July 26, August 13, and September 8, 2013, the defendant failed to report for urine testing as directed by the probation officer. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant has been submitting random urine tests since the onset of supervision. On December 27, 2011, the defendant's urine testing was transferred from Aurora Mental Health to Independence House. The defendant failed to report for random urine testing at Independence House on July 9 and November 4, 2012, and January 24, February 2, July 26, August 13, and September 8, 2013.