IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 13-CR-00148-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    WESLEY W. PAPPAS,

    Defendant,

---

## ORDER OF DETENTION
---

    THIS MATTER came before me for a detention hearing on August 15, 2014, subsequent to the defendant's arrest for an alleged violation of supervised release.  A preliminary hearing and a detention hearing were held and Probation Officer Marci Fox was called as a witness. Defendant's attorney made an offer of proof to the court but called no live witnesses.  The court considers the testimony of the witness, the offer of proof by the defendant, the contents of the court file and the statements and arguments of counsel.

    Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure the court finds that the government presented evidence sufficient to establish probable cause that the defendant committed each of the three charged offenses in the Petition [Doc. No. 3].

    Rule 32.1(6), Fed. R. Crim. P., governs the issue of detention where a person has been arrested for violating probation or supervised release.  The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. **The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(6) (emphasis added).

Section 3143(a), 18 U.S.C., provides:

> (1)   Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).   If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2)   The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
>
>> (A)(i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> (ii)   an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B)   the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added.)

Weighing the factors applicable under Rule 32.1(6), I find the following:

In April, 2013, the defendant's supervised release supervision was officially transferred to this District.   In October, 2013, the defendant was arrested and detained on new charges in

Jefferson County, Colorado. Therefore, the court considers the defendant's supervision history for a relatively short period of 6-7 months. During that time, there is probable cause to believe that the defendant committed the violations charged in the Petition on Supervised Release. Allegation No. 1 is that while on supervised release, the defendant committed a new felony for which he has now been convicted. Sentencing is scheduled for September 2, 2014. The evidence shows that the defendant entered an *Alford* plea to a Class 6 felony in Jefferson County Court Case Number 13CR2686. Defense counsel argued that the defendant agreed to the plea agreement in that case as a result of extenuating circumstances concerning risks at trial notwithstanding his credible defense in the case. However, the fact remains that conviction of a new law violation is a Grade A violation of supervised release. This new felony adds to Defendant's already very lengthy criminal history. When his presentence investigation report was filed in the underlying case in 2005, the Defendant had already incurred 17 criminal history points and he was only 27 years old. [Doc. No. 5, restricted.] Several of the convictions involved assaults and other violent behavior.

The second and third allegations for which this court has found probable cause concern the defendant's use of methamphetamine and his failure to appear and give urine samples. In March, 2013 the defendant admitted to P.O. Fox that he had been using methamphetamine for several months and "hanging out with the wrong people." In 2013 alone, the defendant failed to report for random urine testing in January, February, July, August and September. As noted previously, the defendant was arrested on the new law violation on October 5, 2014 and it was only then that the violations ceased.

On the positive side, the defendant owns his own business, is married and living with his wife in a house they are buying. P.O. Fox states that during the 6 month period of supervision in

Colorado, the defendant did not miss any meetings with her. Further, after his entry of a plea in the Jefferson County case in July 2014, he was allowed bond pending sentencing.[1] However, given the defendant's history of absconding on parole and conviction for escape, added to the recent failures to appear for drug testing and the admitted use of the highly addictive drug methamphetamine, the court cannot and does not find that the defendant has met his burden in this case.

After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that he will not flee and that he will not pose a danger to any other person or to the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated August 15, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

---

[1] The defendant was actually never released on bond because of the outstanding federal warrant. Upon posting his bond in Jefferson County he was immediately transferred to the custody of the U.S. Marshal on the warrant.